HHKJ

RECEIVED
APR 1 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dean E. Cochran,                               )
                                               )
        Plaintiff,                             )
                                               )
                                               )
Vs.                                            )   08CV2080
                                               )   JUDGE COAR
                                               )   MAGISTRATE JUDGE KEYS
                                               )
LaSalle Bank, N.A., Parent Corporation,        )
 LaSalle Bank Corp., Its Affiliate, Bank Of-   )
America, (An Unknown Houston, Texas Bank),     )
                                               )
        Defendants',                           )

**PRELIMINARY INJUNCTION**
F.R.C.P. 65 (a), (1), (2),

**BANK SECRECY ACT**
12 U.S.C.A. Sec. 1954; Injunctions;

**PERMISSIVE JOINDER**
F.R.C.P. 20 (a)

**Complaint**

Plaintiff, Dean E. Cochran, alleges:

1. Dean E. Cochran, Plaintiff, resides at 9335 South Merrill Avenue, Chicago, Illinois 60640, Cook County Illinois, (Or) 9335 South Merrill Avenue, Chicago, Illinois 60617.

2. Defendant, LaSalle Bank, N.A., is a Banking Corporation duly organized and existing under the laws of Illinois, and is engaged in operating and conducting general banking services, with its principal place of business located at 1651 E. 95th Street, "Stony Island Branch", Chicago, Illinois 60617.

3. Plaintiff, stated herein, alleges, that he is the above-stated Plaintiff, and states as follows:

1

4. That on the approximate date of June 15th, 2005, Plaintiff, had been an In-patient at the Elgin Mental Health Center, located at 50 S. State Street, Elgin, Illinois (Zip Code). Plaintiff, had served an approximate 2-year sentence, stemming from an Indictment, from the Cook County Department of Corrections, and was about to be released, on August 1st, 2005. In order to be released from the above-stated facility, the Department, personnel, had to prepare the Patient for his release, by assisting the Plaintiff, in applying for SSI Benefits, during the last 2 months, as a patient, at the EMHC, and had to wait for the determination from the Social Security Administration, on the outcome of his claim.

5. Plaintiff was released on August 1st, 2005, from the EMHC, and on September, (date), based by the Social Security Administration, had been eligible for Social Security Benefits, starting at the 1st, of September, 2005.

6. Plaintiff, began to receive benefits, in the approximate amount of $590.00 Dollars per month, by delivery from the U.S. Postal Service. For an approximate period of 6 months, Plaintiff received these benefits, by mail delivery, until February 2006, when by correspondence delivered to the Plaintiff, the administration determined that the Claimant, had been accused of "Misappropriation of his benefits", and his benefits, had been discontinued, for a period of 2 Months, until the Plaintiff, had a "Payee Representative", to help utilize his benefits, and to assist the Plaintiff, with his monthly living expenses, until further notice.

7. Plaintiff, followed suit, and on April 1st, 2006, Plaintiff's Mother, Sydney F. Cochran, became the payee representative, for Plaintiff.

8. On the approximate date of April 7th, or 8th, 2006, Plaintiff, opened a Savings Account at the, address of the Defendant, with a deposit of $390.00 Dollars, and also applied for a Direct-Deposit Account, at the address of the Defendant, LaSalle Bank, N.A.

9. Plaintiff, alleges as follows: That as of May 1st, 2006, the LaSalle Bank, by the supposed direct-deposit account, transferred to Plaintiff, the approximate amount of $607.00 and some odd cent from the Electronic Wire Transfer Procedure, from the United States Treasury.

10. At the approximate date of September, 2006, Plaintiff, requested the Payee Representative, to request, the Electronic Transmittal, (Computerized Receipt), from the U.S. Treasury. The Payee Representative, Sydney F. Cochran, by personal statement, stated that, the above-stated bank, did not have the requested information, and had not been aware that there was such a receipt, available to claimants pertaining to governmental program, administering federal benefits.

11. Plaintiff, alleges that the direct-deposit was not the proper or direct, transaction of the U.S. Treasury, to the LaSalle Bank, but from a foreign bank located in Houston, Texas, "rerouted", and direct-deposited to Defendant, LaSalle bank. Plaintiff also alleges that the Defendant bank, LaSalle Bank, N.A., is a National Bank, and in reference to **12 U.S.C.A. Sec. 21 (Formation of National Banking Associations, Incorporations; Articles of Association, Constitutionality.** 1. P. 24. was devised to provide a National currency secured by a pledge of U.S. lands and National Banks are agencies or instruments of the government for that purpose. [1]

12. For the past 24 months, on January 1st, of the following year, Plaintiff, has received an increase of 3% per annum, on the original $607.00, per month, payment made to Plaintiff, pertaining to the benefits of Plaintiff's claim. See *Nathaniel Mosley et al., Appellants, Vs General Motors Corporation et al., Appellees. No. 73-1884.* [2]

---

[1] *Davis Vs. Elmira Savings Bank, U.S.N.Y. 1896*, **16 S. Ct. 502**, "The national bank system was devised to provide a national currency secured by a pledge of United States bonds, and national banks are agencies or instruments of the government for that purpose".

[2] **United States Court of Appeals, Eighth Circuit. 3. Federal Civil Procedure [key]** 242 Under rule relating to "Permissive Joinder", of plaintiffs, the two specific requirements to joinder of parties are: right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of "same transaction or occurrence", or "series of transactions or occurrences", and some question of law or fact common to all parties must arise in action. Fed. Rules Civ. Proc. Rule 20 (a), 28 U.S.C.A.

3

## Argument

13. Plaintiff, is alleging that the Defendant, LaSalle Bank, N.A., (aka), LaSalle Bank Corporation, Bank of America, its Affiliate, is and has been in the receipt of **"modified", altered, issued draft, bill of exchange, direct-deposit, etc.,** SSI-Disability Payments, electronically wired to Plaintiff's account, from an out-of-state bank, and has been negligent, in the operations and management of Plaintiff's account, causing a "Quasi-Contract", between Plaintiff and Defendant. Which implies, as quoted from the *Black's Law Dictionary, Eighth Edition, Bryan A. Garner, Editor In Chief*, states, that an, "Implied-In-Law Contract is, "*An obligation created by law for the sake of justice; specifically an obligation imposed by law because of some special relationship between them, or because one of them would otherwise be unjustly enriched. An implied-in-law contract is not actually a contract, but instead a remedy that allows the Plaintiff to recover a benefit conferred on the defendant*". P. 345. **Unjust Impoverishment as well as Unjust Enrichment is a ground of Restitution. P. 1340**. Plaintiff's benefits are derived from the U.S. Treasury by direct-deposit, fraudulently withheld by a bank in direct conjunction with Defendant. In reference to *18 U.S.C.A. Sec. 1005*, which states: Whoever, being an officer, director, agent or employee of any Federal reserve bank, member bank, depository institution holding company, national bank, insured bank, branch or agency of a foreign bank, or organization operating under section 25 or section 25 (a) of the Federal Reserve Act, without authority from the directors of such bank, branch, agency, or organization or company, issues or puts in circulation any notes of such bank, branch, agency, or organization or company; **or**

---

Federal Civil Procedure [241] All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence", for purpose of ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purpose of rule permitting joinder of plaintiff; all reasonable related claims for relief by or against different parties may be tried in a single proceeding and absolute identity of all events is unnecessary. Fed. Rules Civ. Proc. Rule 20 (a), 28 U.S.C.A. *497 F. 2d. 1330.*

4

Whoever, without such authority, makes, draws, issues, puts forth, or assigns any certificate of deposit, draft, order, bill of exchange, acceptance, note, debenture, bond, or other obligation, or mortgage, judgment or decree; **or Whoever makes any false entry in any book, report, or statement of such bank, company, branch, agency, or organization with intent to injure or defraud such bank, company, branch, agency, or organization, or any other company, body politic or corporate, or any "individual person", or to deceive any officer of such bank, company, branch, agency, or organization, or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or an agent or examiner appointed to examine the affairs of such bank, company, branch, agency, or organization, or the Board of Governors of the Federal Reserve System.;** shall be fined not more than $1,000,000.00 or imprisoned not more than 30 years, or both. Plaintiff is alleging that the Defendant bank has the proper documentation and or information, that has been the unofficial, offender, or Third-Party Defendant, of Plaintiff's complaint, and refrains from concealing the name of the violator of the above-stated statutes. The Plaintiff, believes that the transaction is derived from the Joint Savings Account, from the Houston, Texas Bank, deposited, in the name of Stephanie A Nevels, the same offender, Co-Defendant, or Third-Party Defendant, in which, Plaintiff, has filed several complaints against, in the past, and or concerning the false application and direct-depositing of Plaintiff's, money, property, or both.

14. In reference to **12 U.S.C.A. Sec 2401 Establishment of Commission** and has established by statute the National Commission on **Electronic Funds Transfers** which is an independent instrumentality of the U.S., which gives the District Court, jurisdiction to decide such matters pertaining to federal agencies, and violators of 12 U.S.C.A. Sec. 1951 (b), which states, "It is the purpose of this chapter to require the maintenance of appropriate types if records and the making of appropriate reports by such businesses in the United States where such records or reports have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings. **(Pub. L. 91-508, Title I, Sec. 121, Oct. 25, 1970, 84 Stat. 1116.)**

5

15. Plaintiff has made several attempts to confiscate the (transmittal from the U.S. Treasury), receipt of payment, name of claimant, Social Security No., etc., (total amount of benefits paid on a month to month basis), however to no avail has the Defendant, submitted the proper receipt, record, Electronic Transfer receipt, or other obligation, in reference to Plaintiff's account, and to this day, refuses or is fraudulently concealing the agency, bank, credit union, individual or otherwise whom has made the direct-deposit to Plaintiff's, LaSalle Bank, N. A., Stony Island Branch account. [3]

16. When requested the transmittal from, Defendant bank, one of the teller's at Defendant's bank, the Bank Teller, noted that the transfer of funds, had been from the transferor, of a bank, located in Houston, Texas. The U.S. Treasury does not have a Financial Management Services office, in that locality, nor does it have an expansion office or individual or independent contract with any corporation, to distribute, alter, conceal, modify, any and all U.S. Treasury financial arrangements, payments, distribution or otherwise, pertaining to the benefits of claimants stemming from applications pertaining to the Social Security Administration.

17. Pursuant to **18 U.S.C.A. Sec. 1341. [Frauds and Swindles]** which states, "Whoever, having devised or intending to devise and scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promised, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation,

---

[3] *S & N Equipment Company, Plaintiff-Appellant, Vs. Casa Grande Cotton Finance Co., Defendant-Appellees. No. 94-16303. [12] Banks and Banking [key] 521.*1 For purposes of Bank Holding Company Act's definition of bank as institution that accepts demand deposits, pertinent question in determining whether deposits are "demand deposits" is whether deposits may be withdrawn on **demand**, regardless of the means of withdrawal, or are payable on demand. Bank Holding Company Act of 1956, Sec. 2 © (1) (B), as amended, 12 U.S.C.A. Sec. 1841 (c) (1) (B); 12 C.F.R. Sec. 204.2 (b) (1).
Deposits held by lender were "demand deposits" within meaning of the Bank Holding Company Act where, although there was no formal written agreement between the parties, **lender's oral policy was to allow depositors to withdraw funds as needed**, and lender permitted funds to be transferred from accounts to third parties through disbursement forms; thus, lender which also made commercial loans, was "bank" within meaning of the Act. Bank Holding Company Act of 1956, Sec 2 © (1) (B), as amended, 12 U.S.C.A. Sec. 1841 (c) (1) (B); 12 C.F.R. Sec. 204. 2. Id.

6

security, or another article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or taxes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than five years, or both". If the violation affects a financial institution, such person shall be fined not more than $1,0000,000.00 or imprisoned not more than 30 years, or both.

18. **Furthermore**, in reference to **18 U.S.C.A. Sec. 1343 [Fraud By Wire, Radio, or Television]**, "which specifically states", "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or funds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than five years, or both. **If the violation affects a financial institution, such person shall be fined not more than $1,000,000.00 or imprisoned not more than 30 years, or both.** Also, in reference to **18 U.S.C.A. Sec. 1344,** "which states", Whoever knowingly executes, or attempts to execute, a scheme or artifice__ (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control or, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

**shall be fined not more than $1,000,000.00 or imprisoned not more than 30 years, or both.**

7

19. The Plaintiff, Dean E. Cochran, requests in reference to **18 U.S.C.A. 1345. [Injunctions against Fraud]**, which states as follows: (a) (1) If a person is__ (A) violating or about to violate this chapter or section 287, 371, (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof), or 1001 of this title; (B) committing or about to commit a banking law violation (as defined in **section 3322 (d) of this title**), "which states", (As used in this action__ (1) the term "banking law violation" means a violation of, or a conspiracy to violate__

(A) section 215, 656, 657, "1005", 1006, 1014, or (1344); or (3) the term "grand jury information" means matters occurring before a grand jury other than the deliberations of the grand jury or the vote of any grand juror.[ Or ] 18 U.S.C.A. Sec. 1345 (C) committing or about to commit a Federal health care offense. The Attorney General may commence a civil action in any Federal court to enjoin such violation. (2) If a person is alienating or disposing of property; or (b) for a restraining order to__ (i) prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property or property of equivalent value; and (ii) appoint a temporary receiver to administer such Restraining Order. (3) A "Permanent or Temporary Injunction or Restraining Order shall be granted", without bond. See *Hudspeth, Warden, Vs. Melville. No. 2305.* 127 *F. 2d. 373.* [4]

---

[4] 3. **Banks and Banking [233]** The constitutional provisions authorizing Congress to borrow and to coin money and to enact all laws necessary and proper for carrying such powers into execution authorizes establishment of "National Banks", bank depositories, and other financial agencies needed for government's fiscal operations. U.S.C.A. Const. Art. 1, Sec. 8.
4. Congress has power to enact legislation for protection, preservation, and regulation of "National Banks", bank depositories, or other agencies, and to make criminal those acts which weaken or impair their efficiency. U.S.C.A. Const; art. 1, Sec 8.
5. **Criminal Law** [16] A federal statute making criminal an act committed in connection with operation of fiscal institutions is valid even though same act is an offense under laws of the state, since a single act may be criminal under laws of both jurisdictions.
6. **Banks and Banking [21]** under statute making it an offense to enter a bank with intent to commit in the bank any felony or larceny, the term "felony", is not restricted to felonies under federal law, but includes acts committed in a "National Bank", having relation to protection, preservation, and efficiency of bank, and constituting a felony under laws of state in which bank is situated. 12 U.S.C.A. Sec. 588 (a); Cr. Code Sec. 335, 18 U.S.C.A. Sec. 541; Comp. St. Neb. 1929, Sec 28-1212, 29-102

8

**(b)** The court shall proceed as soon as practicable to the hearing and determination of such an action, and may, at any time before final determination, enter such a Restraining Order or Prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any **"person"**, or class of persons for whose protection the action is brought. A proceeding under this section is governed by the Federal Rules of Civil Procedure, except that, if an indictment has been returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure. Plaintiff has reason to believe that a possible suspect or Third-Party Defendant, has in her jurisdiction, "two] direct-deposits, forwarded to the out-of-state, Houston Bank. See *M.K. et al., Plaintiffs, Vs. George Tennet, Director, Central Intelligence Agency, et al., Defendants. No Civ.A. 99-0095 (RMU). F.R.D. 216 133.*[5]

**20.** **Pursuant to 12 U.S.C.A. Sec. 2407. The cooperation and Assistance of Other Federal Departments, Agencies, and Instrumentalities (a)** Each department, agency, and instrumentality of the executive branch of the Government, including independent agencies, is authorized and directed to furnish to the Commission, upon request, such data, reports, and other information as the Commission deems necessary to carry out its functions under this chapter. **(b) The head of any department, agency, or instrumentality of the United States may detail such personnel and may furnish such services, with or without reimbursement, as the Commission may request to assist it in carrying out its functions. (Pub. L. 93-495, Title II, Sec. 207, Oct. 28, 1974, 88 Stat. 1510.) Which simply implies, that the law enforcement of the Federal Government, may impose or be requested to investigate, any and all violations, pertaining to this particular statute. Furthermore, the Plaintiff, requests, that the Federal Bureau of Investigations, located at 2111 W. Roosevelt Rd., Chicago, Illinois, investigate the alleged**

---

[5] 7. **Federal Civil Procedure [241], [242].** There are two prerequisites for permissive joinder of parties; (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action. Fed. Rules Civ. Proc. Rule 10 (a), 28 U.S.C.A.

9

action to have occurred, and in continuance to have occurred, since September 1st, 2005, and May 1st, 2006, respectively.

## CONCLUSION

For the above-stated causes of action and the violations, of the Defendant, the Plaintiff, requests, the following, and or demands as follows:

1. That the Defendant, each and both of them refrain from the direct, "altering, putting forth, disbursing, or distributing", the counterfeit, and or Altered direct-deposit, benefit amount, of ($637.00), stemming from the application of a Direct-Deposit, from Defendant Bank, to the Social Security Administration, forwarded to an (Unknown Houston, Texas Bank), by fraudulent concealment, by a Third-Party, in which has been "rerouted", to the LaSalle Bank, N.A. account, located at the above-stated address.

2. That, pending the outcome of Plaintiff's claim, that the Defendant, withdraw from the (out of state bank), the full amount of Plaintiff's, benefits, which are the approximate amount, of ($35 Million Dollars) per month, not to exceed the full benefit amount. In which will be verified by the U.S. Treasury, by Motion for Discovery, during the pending suit..

3  That, the Defendant, prepare, to withdraw, the full amount, of Plaintiff's, SSI-Disability Benefits, stemming from, September 1st, 2005 through April 1st, 2008, as the (1st Account), and the May 1st, 2006 through April 1st, 2008, (2nd Account), deposited at the same or similar Out of State Bank, in affiliation, with the LaSalle Bank, N.A., (aka) the LaSalle Bank Corporation, the approximate amount of ($2 .4 Billion Dollars.

4. That the Defendant, make arrangements of the Out-of-State bank, (Unknown to Plaintiff), for the application for a Personal Checking Account, for the procedure of On-Line Banking, of Defendant, Out-of-State Bank.

10

5.  That, the Defendant, make arrangements, of the Plaintiff, for the Application, and granting of an American Express Credit Card Application, for the Credit purposes, in the amount of $1 Million Dollars credit limit, at the Defendant's A.P.R., or yearly interest, or the (3%, percentage of monthly payments on the monthly balance), whichever comes first, not to be paid the minimum amount, of Defendant's minimum payment, excluding the balance.

5.  Any and all other damages as this court deems just and proper, pending the outcome of Plaintiff's complaint.

**WHEREFORE**, the Plaintiff, Dean E. Cochran, do hereby requests this Honorable Court to execute this Preliminary Injunction, against the above-stated Defendant, and any and all Affiliates, in member with the Defendant, the requests of Plaintiff, against all Permissive Joinders, pending the outcome of Plaintiff's claim, immediately forthcoming.

4/11/2008

Respectfully Submitted,

*[signature]*

Dean E. Cochran / Plaintiff – Pro Se
9335 South Merrill Avenue
Chicago, Illinois  60617
(773) 731-9302

C/O-Bank Manager
LaSalle Bank, N.A. (aka)
LaSalle Bank Corporation
Its Affiliate Bank of America
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois  60617
(773) 933-7900

## CERTIFICATE OF SERVICE

**SERVICE OF THE FOREGOING, PETITION FOR PRELIMINARY INJUNCTION**, was had by delivering a true copy thereof to the Clerk of Court of the United States District Court For The Northern District of Illinois, Eastern Division, located at the Dirksen Federal Courthouse, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, and to the address of the Defendant, LaSalle Bank, N.A., (aka) LaSalle Bank Corporation, Its Affiliate, Bank of America, Stony Island Branch, located at 1651 E. 95th Street, Chicago, Illinois 60617, all on this 10th, day of April, 2008, by Plaintiff, Dean E. Cochran.

4/11/2008
C/O-Bank Manager
LaSalle Bank, N.A. (aka)
LaSalle Bank Corporation
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois 60617
(773) 933-7900

Dean E. Cochran / Plaintiff – Pro Se
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302