

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dean E. Cochran, | ) | |
| Plaintiff, | ) | D.C. Judge: David H. Coar |
| Vs. | ) | Case No.: 08 CV 2080 |
| LaSalle Bank, N.A. et al, | ) | |
| Defendants, | ) | |
| SS. No.: 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 | ) | |

MAY 09 2008
FILED
J N MAY X 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MOTION TO OBJECT TO RULING OR ORDER**
**DATED 4/25/2008**
**F.R.C.P. 46, F.R.C.P. 3, 4,**

Plaintiff, Dean E. Cochran, in the above-entitled cause of action, do hereby request and states as follows:

1. That on April 25th, 2008, by Order of Court, which states that, "The Plaintiff, Dean E. Cochran has filed at least nine other cases in this court, dating back to 1992. All have been dismissed for lack of subject matter jurisdiction or his failure to timely take some action, required by law. While the facts alleged and relief sought in this case suggest only the (mere) outline of a jurisdictional basis, this court will not address the jurisdictional issue at this point. However, the litigation history of the this plaintiff suggests that he should be denied the right to proceed pro se and instead should put the amount of money

representing the filing fee at risk before subjecting other parties and this court to the burden of further consideration of this matter. Accordingly, the In Forma Pauperis Application [4] is **denied".**

2. In retrospect to the above-stated Order of Court, first of all, the filing of the nine other cases that were filed in the United States District Court, do not pertain to this particular matter. For the record, all of these cases were settled, and compensated, by bribing the District Court Judges, in one way or another, or the District Court Clerk of Court, in order to gain the ruling, they so unjustly deserved. This particular matter, of discussion, or speculation, could be disclosed by Motions for Discovery, addressed, to the Payroll Office, or the governmental agency which stores, endorsed instruments, payable on demand, to the name of the Plaintiff. If the District Court of Illinois is so distressed or annoyed, of the filing of the Complaints, of the Plaintiff, then the District Court, should address, this same order of treatment, to any and other, Pro Se Plaintiffs', so unjustly involved, the same Orders of Court, as the Plaintiff. Also, the filing of the previous Complaints, by Plaintiff, and or the "rulings", are ""immaterial, and "irrelevant", to the alleged causes of action, of this particular action. If the Court refuses to execute the Complaint, filed by Plaintiff, in this particular action, then the case should be reassigned to another Judge, whom does not hold personal grudges, or exemplifies personal decisions, in which they have no knowledge, of the justifiable, conclusion of Plaintiff's, past case history. The Orders of Court were conceived or Concurred, by denial, as an excuse or refusal to compensate Plaintiff, the amount of money that he so justly deserved, because, the Court wanted the award themselves. Furthermore, the Order of Court, denotes and insinuates, that the Plaintiff, should go homeless, then pay the filing fees, in order to receive justice in the case.

3. On April 11th, 2008, by Order of District Court Judge David H. Coar, the court refused to execute Plaintiff's, Application and Affidavit to file Complaint by Informa Pauperis Affidavit. ***See Leonard J.***

***Jrafci and Renee M. Krajci V. Provident Consumer Discount Co. 525 F. Supp. 145.***[1] ***Sammie G. Burd, Plaintff-Appellant, Vs. Michael P.W. Stone, Defendant-Appellee. 94 F.3d 217 (6th Cir. 1996).***[2]

4. The case that would be in collaboration with plaintiff's complaint would be **Cochran Vs. SSA, Case No. 94 CV 5821 or 94 CV 3478**, assigned Judge Elaine Bucklo, dated August 1994 (exact date N/A), nevertheless, the court has a responsibility to administer justice to any party seeking leave to file any civil action the District Court, in the City, County, or State in which they reside where a possible cause of action occurred.

5. On question 3 of Plaintiff's Informa Pauperis Application, specifically states, "apart from your income stated above in response to Question 2, in the past 12 months have you or anyone else living at the same residence received more than $200 from any of the following sources? Mark an X in either "Yes" or "No", and then check all boxes that apply in each category **(a)** Salary or Wages Amount___________recieved by__________**(b)** Business Profession or___________other self-employment Yes – No **(c)** Rent Payment$515.00 P.M. Received by Ted Marshall_______interest or dividends Yes – No **(d)** Pensions, Social Security, Annuities, life-insurance, disability, worker's compensation, unemployment, welfare, alimony or maintenance or child-support- **[Amount] $7532.00 SSI** received by Sydney Cochran and myself **$456.00 Public Aid.** It is apparent to Plaintiff that the court has overlooked the official financial yearly income of Plaintiff and or the validity of such documentation. It is the responsibility of the court to inquire with the proper (governmental branch of operations pertaining to

---

[1] 2. **Limitation of Actions (118)** 2 Although a complaint tendered In forma pauperis cannot technically be "filed" until leave to proceed in forma pauperis has been granted, the limitations period is tolled by the lodging of the complaint.
3. **Limitation of Actions (118)** 1 Where plaintiff on August 16, 1979, filed a motion to proceed In forma pauperis which attached the complaint plaintiffs proposed to file if such leave were granted, action was instituted on that date, even though court did not grant plaintiffs' motion until August 21, 1979, and the complaint was not docketed until August 23, 1979.

[2] 1. **Federal Courts (813)** Court of Appeals reviews district court's determination of whether plaintiff demonstrated good cause for his failure to effect timely service for abuse of discretion. Fed. Rules Civ. Proc. Rule 4 (j), 28 U.S.C.A. **[III]** The Order of the district court is vacated and the cause is "remanded" to the district court for proceedings consistent with this opinion.

the distribution of Plaintiff's assets and make a fair determination thereof. Attached are Exhibits to verify the amounts of Plaintiff's monthly benefits, pertaining to SSI-Disability Benefits, Public-Aid Benefits, Food Stamp Vouchers also etc., also attached are Plaintiff's monthly rental receipts, for the Month of May 1st, 2008.

6. The reason that Plaintiff is unable to pay the filing fee is that the Defendants' each and all of all them have in their jurisdiction moneys, and properties, or the existence of these monies, by a "Collecting Bank", which states", In the absence of a contrary agreement, a bank through which an instrument is payable has no duty to take the instrument or collection. When it does, it assumes all of the duties and has all of the rights of a collecting bank. **<u>UCC Sec 3-120, Official Comment</u>**.[3] It is possible that the bank has an arrangement with the drawer or drawee whereby the bank will make payment of the check for the drawee, rather than present it to the drawee for payment. Even when it has such an arrangement, delivery of the check by the holder to the bank will not constitute presentment. Rather the bank will be treated as a collecting bank which makes presentment to itself as agent for the drawee. As agent, it will have the same time within which to pay the instrument as the drawee would have had. This will give the bank some leeway in deciding when to present the instrument to itself, but if it delays too long it will, as a collecting bank, be liable to the holder for negligence in its manner of collection.

7. Plaintiff, alleges that a third-party by **"quasi-contract",** "whom are fraudulently withholding financial information and benefits on several "transactions or occurrences", alleged to have occurred on the

[3] **<u>OFFICIAL COMMENT</u>** – Purposes Insurance, dividend or payroll checks, and occasionally "other types of instruments", are sometimes made payable "through" a particular bank. This section states the commercial understanding as to the effect of such language. The bank is not named as drawee, and it is not ordered or even authorized to pay the instrument out of the drawer's account or any other funds of the drawer in its hands. Neither is it required to take the instrument for collection in the absence of special agreement to that effect. It is merely designated as a collecting bank through which presentment is properly made to the "drawee". **<u>Definitional Cross References</u>**: "Bank". Section 1-201. "Collecting Bank". Section 4—105. "Instrument". Section 3--102. "Presentment". Section 3—504.

dates so specified on Plaintiff's complaint for Temporary Restraining Order and Plaintiff's Complaint and Motion for Preliminary Injunction. **F.R.C.P. 65.**

8. In, almost all jurisdictions. **Section 5—114 (2) (b)** provides that honor of a demand for payment may be enjoined where documents are forged or fraudulent, or where there is fraud in the transaction **U.C.C. (6) (B), Article 5.** In addition to establishing the possibility of irreparable injury, the party seeking injunctive relief usually will be required to show a probability of success on the merits. **Section 5—114 (2) (b)** authorizes an Injunction against honor where documents are forged or fraudulent, or when there is fraud in the transaction.

9. Thus, to show a probability of success on the merits, the party seeking the Injunctive relief against honor generally will be required to show a probability that forgery or fraud can be established at a "trial", on the merits. The Plaintiff is merely trying to establish, by prima facie evidence (if given the proper opportunity), the inducement of fraudulent documentation and intentional fraud of the transaction. Plaintiff also alleges that Injunctive Relief is necessary as there are other factors or fraudulent financial transactions, occurring with the Joinder bank, involving several individuals, in possession of Plaintiff's benefits, in an effort to establish an legitimate corporate entity, or company responsibilities, by false representations, implemented and enjoined, by Stephanie Nevels, whom is the suspect or individual involved in the **"Intentional Fraud".**

10. The deposit is currently in the hands of the Bank and is accumulating daily interest. It is a large sum of Money, ($2.4 Billion Dollars), and the Plaintiff, attached a great deal of importance to his respective rights to it. The purpose of a notice of the Injunction is to allow time for the customer to investigate the validity of the payment by **["Motion for Discovery"],** demand and to seek further Injunctive relief or take other appropriate action.

11. Summary Of Requirements For Injunctive Relief: The requirements for obtaining injunctions against honor can be summarized as follows: There are two requirements which must be met in most all jurisdictions; The party seeking injunctive relief **(1)** must establish a probability of success on the merits, and **(2)** show that it will suffer irreparable injury if injunctive relief is not granted, Establishing a probability of success on the merits usually requires proof of forgery or fraud in the transaction. Irreparable injury generally results when there is no adequate remedy at law. See ***Goldome Credit Corp V. University Square Apartments, 17 U.C.C. Rep. Serv. 2d 1254, 828 S.W. 2d 505 (Tex. App. Amarillo*** 1992).[4]

***WHEREFORE, FOR THE ABOVE-STATED***, actions at law the Plaintiff, Dean E. Cochran, now and forever, requests this Honorable Court to Modify, Reverse, or Overrule, the Order of Court, dated April 25th, 2008, and to further consider the possibility of the execution of the allegations complained of in the original Temporary Restraining Order, and Motion for Preliminary Injunction, F.R.C.P. 65, as first requested, by Plaintiff.

5/9/2008

Respectfully Submitted,

Dean E. Cochran / Plaintiff Pro Se
9335 South Merrill Avenue
Chicago, Illinois 60617

C/O-Bank Manager
LaSalle Bank, N.A. (aka)
LaSalle Bank Corporation

[4] **828 S.W. 2d 505 (Tex. App. Amarillo 1992)** ("University Square met the fourth requirement for a temporary injunction by demonstrating a likelihood it would prevail on the merits. As the applicant for the temporary injunction, University Square has 'the burden of not only pleading facts which, if proved, would entitle it to a permanent injunction, but, also suffering evidence tending to prove its probable right thereto on final hearing.'"). See, e.g., *Itek Corp. v. First Nat's Bank of Boston, 511 F. Supp. 1341 (d. Mass. 1981); Werner Lehare International, Inc. v. Harris Trust & Savings Bank, 484 F. Supp. 65 (W.D. Mich. 1980); KMW International V. Chase Manhattan Bank, 606 F.2d 10 (2d Cir. 1970). United Technologies Corp. V. Citibank, N.A.., 27 U.C.C. Rep. Serv. 212, 469 F. Supp. 473 (S.D. N.Y. 1979); Americn Bell International Inc. V. Islamic Republic of iran, 27 U.C.C. Rep. Serv. 223, 474 F. Supp. 420 (S.D. N.Y. 1979); Shaffer V. Brooklyn Park Garden Apartments, 20 U.C.C. Rep. Serv. 1269, 311 Minn. 452, 250 N.W. 2d 172 (1977); Dynamics Corp. of America V. Citizens & Southern Nat'l Bank, 12 U.C..C. Rep. Serv. 317, 356 F. Supp. 991 (N.D. Ga. 1973).*

Stony Island Branch
1651 E. 95th Street
Chicago, Illinois 60617
(773) 933-7900

(773) 731-9302

**CERTIFICATE OF SERVICE**

**SERVICE OF THE FOREGOING, MOTION TO OBJECT-- F.R.C.P. 46**, was had by delivering a true copy thereof, to the address of the Clerk of Court of the United States District Court For The Northern District of Illinois, Eastern Division, located at the Dirksen Federal Courthouse, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, all on this 9th day of May, 2008, by Plaintiff, Dean E. Cochran.

5/9/2008
C/O Bank Manager
LaSalle Bank, N.A. (aka)
LaSalle Bank Corporation
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois 60617
(773) 933-7900

Dean E. Cochran / Plaintiff Pro Se
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302 **[Or]**

1039 W. Lawrence Avenue, Rm. 615
Chicago, Illinois 60640
(773) 561-1133

SOCIAL SECURITY
1111 EAST 87TH STREET
SUITE 400
CHICAGO IL 60619

Social Security Administration
**Supplemental Security Income**
Notice of Change in Payment
Date: November 25, 2007
Claim Number: 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 DI

36953

000064941 01 MB 0.360 B091,M4E,249
514 07S1723G56123

DEAN ERVEAL COCHRAN
1039 W LAWRENCE AVE
RM 810
CHICAGO IL 60640-5046

We are writing to tell you about changes in your Supplemental Security Income (SSI) payments. The rest of this letter will tell you more about this change.

We explain how we figured the monthly payment amounts shown below on the last page of this letter. The explanation shows how your income, other than any SSI payments, affects your SSI payment. It also shows how we decided how much of your income affects your payment amount. We include explanations only for months where payment amounts change.

**Information About Your SSI Payments**

- The amount due you beginning January 2008 will be $637.00.
- The amount due you is being raised because the law provides for an increase in Supplemental Security Income payments in January 2008 if there was an increase in the cost-of-living during the past year.

**Information About Other Benefits**

We can sometimes pay more than just SSI payments. You may be able to receive benefits from your parent's Social Security record if you meet the following rules:

- you were disabled before age 22, and
- you are unmarried, and
- at least one of your parents worked long enough under the Social Security program and is entitled to retirement or disability benefits or is deceased.

If you think you meet the above rules, please contact any Social Security office to file an application for childhood disability benefits.

See Next Page

(Ex A.)

11/25/2007

36954

## How To Appeal

There are two ways to appeal. You can pick the one you want. If you meet with us in person, it may help us decide your case.

- Case Review. You have a right to review the facts in your file. You can give us more facts to add to your file. Then we'll decide your case again. You won't meet with the person who decides your case. This is the only kind of appeal you can have to appeal a medical decision.
- Informal Conference. You'll meet with the person who decides your case. You can tell that person why you think you're right. You can give us more facts to help prove you're right. You can bring other people to help explain your case.

## If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

## If You Have Any Questions

For general information about SSI, visit our website at www.socialsecurity.gov on the Internet. You will find the law and regulations about SSI eligibility and SSI payment amounts at www.socialsecurity.gov/SSIrules/.

For general questions about SSI or specific questions about your case, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 773-978-1214. Our lines are busiest early in the week and early in the month, so if your business can wait, it's best to call at other times. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
SUITE 400
1111 EAST 87TH STREET
CHICAGO IL 60619

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

11/25/2007

# HOW WE FIGURED YOUR PAYMENT FOR January 2008 ON

**Your Payment Amount**

| | |
|---|---|
| The most SSI money the law allows us to pay | $637.00 |
| We didn't subtract (-) any income from SSI money | - 0.00 |

**Total Monthly SSI Payment for January 2008 on** $637.00

Page 5 of 5



36955

# FILING A CIVIL CASE WITHOUT AN ATTORNEY: A GUIDE FOR THE PRO SE LITIGANT

Ex B



1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

DATE 5-1-08

RECEIVED FROM Dean Cochran 6H $ 570 —

Five Hundred Seventy — DOLLARS

FOR Rent 120 — RC 1788

☐ CASH ☐ CHECK ☐ M.O. ☐ CREDIT CARD

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $ BY

Thank You!

---

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

No 1670

DATE 3/5/08

RECEIVED FROM Dean Cochran 6H $ 570 —

Five Hundred Seventy — DOLLARS

FOR Rent 3/1 — RC 1270

☐ CASH ☐ CHECK ☐ M.O. ☐ CREDIT CARD

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $ BY

Thank You!

---

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

No 1478

DATE 2/4/08

RECEIVED FROM Dean Cochran 6H $ 570

Five Hundred Seventy — DOLLARS

FOR Rent 2/1 RC 1124

☐ CASH ☐ CHECK ☐ M.O. ☐ CREDIT CARD

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $ BY

Thank You!

(Ex B1)

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

1243

DATE 1-8-08

RECEIVED FROM Dean Cochran $ 510.00

Five hundred & Ten DOLLARS

FOR # 615

AMOUNT OF ACCOUNT $ 510.00

AMOUNT PAID $

BALANCE DUE $

Thank You!

BY

---

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

1037

DATE 12/4/07

RECEIVED FROM Dean Cochran 615 $ 510

FOR

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $

Thank You!

---

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

DATE 11/7/07

RECEIVED FROM Dean Cochran 615 $ 510

FOR

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $

Thank You!

BY

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

0635

DATE 10/8/07

RECEIVED FROM Deanna Cochran 615 $ 510-

Five Hundred Ten DOLLARS

FOR Rent $510 - PG 1144

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $ BY

Thank You!

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

0456

DATE 9.10.07

RECEIVED FROM D. COCHRAN #615 $ 510.00

FIVE HUNDRED TEN DOLLARS

FOR RENT 510.00

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $ BY

Thank You!

LORALI
1039 W. Lawrence
Chicago, IL 60640
(773) 561-1133

0245

DATE 8/6/07

RECEIVED FROM Deanna Cochran 615 $ 510

Five Hundred Ten DOLLARS

FOR Rent $510

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $ BY

Thank You!

LORALI
1039 W. LAWRENCE
CHICAGO, IL 60640
(773) 561-1133

0932

DATE 5/7/07

RECEIVED FROM $ 510

DOLLARS

FOR

AMOUNT OF ACCOUNT $

AMOUNT PAID $

BALANCE DUE $

Thank You!

(ex-C)

JJ PEPPERS FOOD STORE
#6
4800 N SHERIDAN RD
CHICAGO, IL 60640
Ph: 773-275-7292
Proc#: 02603290

Term#:T2106037 05/08/08
Clerk:0000 12:24:08am

**Cash Purchase**

Card Num: XXXXXXXXXXXXXXX1990
Settlement Date: 05/09

Balance Summary:

Cash Begin Bal: 18.76
Cash Purchase : -7.91

Cash End Bal : 10.85

FS Balance : 68.57

Result: Approved
Auth #: 263480
Trace#: 087254-000000463263480

DISPENSE GOODS

V1.02 039 662 347 018 300 073 005 143

*** CUSTOMER COPY ***

JJ PEPPERS FOOD STORE
#6
4800 N SHERIDAN RD
CHICAGO, IL 60640
Ph: 773-275-7292
Proc#: 02603290

Term#:T2106037 05/08/08
Clerk:0000 12:23:23am

**Food Stamp Purchase**

Card Num: XXXXXXXXXXXXXXX1990
Settlement Date: 05/09

Balance Summary:

FS Begin Bal: 71.05
FS Purchase : -2.48

FS End Bal : 68.57

Cash Balance: 18.76

Result: Approved
Auth #: 263424
Trace#: 087253-000000463263424

DISPENSE GOODS

V1.02 042 661 347 018 300 073 005 143

*** CUSTOMER COPY ***

JJ PEPPERS FOOD STORE
#6
4800 N SHERIDAN RD
CHICAGO, IL 60640
Ph: 773-275-7292
Proc#: 02603290

Term#:T2106037 05/07/08
Clerk:0000 10:37:08pm

**Balance Inquiry**

Card Num: XXXXXXXXXXXXXXX1990
Settlement Date: 05/08

Balance Summary:

FS Balance : 0.05
Cash Balance: 0.00

Result: Approved
Auth #: 253758
Trace#: 087241-000000463253758

V1.02 049 649 347 018 300 073 005 143

*** CUSTOMER COPY ***