

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dean E. Cochran,  )
  )
    Plaintiff,  )
  )
  )  **D.C. Judge: David H. Coar**
  )
  )
Vs.  )
  )
  )
  )  **D.C. Case No.: 08 CV 2080**
  )
LaSalle Bank, N.A., (aka) LaSalle Bank Corp.-  )
Oration, Bank Of America, Its Affiliate,  )
  )
    Defendants',  )
  )
SS. No.: 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  )

MAY 1 6 2008
FILED
MAY 1 6 2008 TC

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Motion To Vacate Order of Court Dated May 13th, 2008

### F.R.C.P. 59 (b), (e), F.R.C.P. 60 (b),

**PLEASE BE ADVISED**, that the Plaintiff, in the above-entitled case do hereby request to present a Motion to Vacate, Order of Court dated May 13th, 2008, in reference to F.R.C.P. 59 (b), (e), and F.R.C.P. 60 (b), and states as follows:

1.    On May 9th, 2008, Plaintiff, Dean E. Cochran filed a Motion to Object to ruling or Order of Court dated 4/25/2008. The Court on its own initiative denied Plaintiff's motion prior to Notice of Motion scheduled for 5/14/2008. Reasons set forth for denial of Plaintiff's Motion, are the same as original Order of Court filed on 4/25/2008.

1

2. As it being, that the court has established prejudicial error as the reason for denying, Plaintiff's Motion to grant the Informa Pauperis Affidavit, along with the assumption that the District Court lacks jurisdiction to hear complaints pertaining to the Social Security Administration and or the United States Treasury. The following cases will allege that the District Court has jurisdiction, that the stipulations answered pertaining to Plaintiff's, finances are true to my belief and knowledge, and that the court has not come to a complete conclusion of Plaintiff's, previous causes of action, which were dismissed, before trial, in which is the basis of this court's denial of the new cause of action.

3. **THE CONSTITUTION OF THE UNITED STATES OF AMERICA**

**Article I Section 8, Statement 18.,** which states, "To make all laws which shall be necessary and proper for carrying into Execution the foregoing powers, and all other powers vested by the constitution in the government of the United States, or in any Department or Officer thereof.

4. As stated previously, on prior Complaints, and or Motions, filed by Plaintiff, this court has jurisdiction, to decide matters pertaining to the department, of the government in which case the United States Treasury is the governmental agency and or the drawer of Plaintiff's benefits derived from taxes, accumulated from the Internal Revenue Service, through the years of Plaintiff's employment, from numerous employers.

5. As defined by *Black's Law Dictionary, Eighth Edition, Copyright © 1999 West Group, Brian A. Garner, Editor in Chief,* "Subject-Matter Jurisdiction", Jurisdiction over the nature of the case and the type of relief sought, to the extent to which a court can rule on the conduct of persons or the status of things. –Also termed jurisdiction of the subject matter; jurisdiction of the cause; jurisdiction over the action. *See Butter Northern Trust et al., Plaintiffs-Appellants, Vs. Door County Chamber Of*

2

*Commerce, Defendant-Appellee. No. 71-1300, United States Court of Appeals, Seventh Circuit.*[1]

Although, in some instances in which defendant's objections, "namely the Court", plaintiff did make an offer of proof, this was not uniformly done. However, as the Supreme Court said in ***Buckstaff V. Russell, 151 U.S. 626, 637, 14 S.Ct. 448, 452, 38 L.Ed. 292 (1894),*** "[i]f the question is in proper form, and clearly admits of an answer relevant to the issues and favorable to the party on whose side the witness is called, it will be error to exclude it [even absent an offer of proof]." The record demonstrates that the exclusion of evidence which plaintiff attempted to introduce in a proper manner was essential to his case. It was therefore prejudicial error to exclude it. See ***Thurber Corp. V. Fairchild Motor Corp., 269 F.2d 841, 844 (5th Cir. 1959).***

6. Furthermore, as according to F.R.C.P. 59 © Time for Serving Affidavits. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits. Also, the Defendants', each and all of them have not opposed the Motion to Object To Ruling Or Order Dated 4/25/2008, now filed with District Court. The Court has made an judgment, "Sua Sponte", and the Plaintiff, opposes the withdrawal of Plaintiff's Motion, without the opposition, of the Defendant.

---

[1] 1. **Federal Civil Procedure [Key] 2142.** Absence of sufficient evidence, offered and admitted on behalf of a plaintiff, either on question of liability or damages, to warrant submission of case to jurors requires a directed verdict.
2. **Federal Civil Procedure [Key] 1247.** In action based on alleged illegally ousting of plaintiff from defendant organization, manager of the organization was an "officer of an adverse party" within federal rule permitting officer of adverse party to be asked leading questions on direct examination. Fed. Rules Civ. Proc. Rule 43 (b), 28 U.S.C.A.
3. **Attorney and Client [Key] 62.** Litigant has right to act as his own attorney, with certain exceptions.
4. 9. **Courts [Key]406.9 (13).** Where evidence which plaintiff attempted to introduce in proper manner was essential to his case, it was *"Prejudicial Error"*, to exclude it. 28 U.S.C.A. Sec. 2111; Fed. Rules Civ. Proc. Rule 61, 28 U.S.C.A.

3

*Wherefore*, for the above-stated actions at law, and arguments by Plaintiff, Dean E. Cochran, the movant requests the granting of the above-stated motion, and the overruling, modification, and reversal, of judgment, as stated in the Order of Court, dated May 13th, 2008, and the scheduling of a new trial or issuance of the Preliminary Injunction, complained of.

5/16/2008

Respectfully Submitted,

_____
Dean E. Cochran / Pro Se Plaintiff
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302

## CERTIFICATE OF SERVICE

**SERVICE OF THE FOREGOING, Motion To Vacate,** was had by delivering a true copy thereof, to the Clerk of Court of the United States District Court, Michael W. Dobbins, located at the Everett McKinley Dirksen, United States Courthouse, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, and the address of the Defendants', LaSalle Bank, N.A., (aka) LaSalle Bank Corporation, its Affiliate Bank Of America, Stone Island Branch Location, 1651 E. 95th Street, Chicago, Illinois 60617, by First Class U.S. Mail, Postage Pre-Paid, all on this 16th, day of May, 2008, by Plaintiff, Dean E. Cochran.

5/16/2008 _____

C/O Bank Manager
LaSalle Bank, N.A.
LaSalle Bank Corporation
Bank Of America
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois 60617
(773) 933-7900
(Fax) 773 768-4011

Dean E. Cochran/ Pro Se Plaintiff
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302

4

**United States District Court
For The Northern District of Illinois
Eastern Division**

**Affidavit**

State of Illinois:

County of Cook:

City of Chicago:

1. I, Dean E. Cochran, Plaintiff, in the above-stated proceeding, do hereby profess that the above-stated statements, and or arguments are true to my belief and knowledge.

2. In support of the Motion of Plaintiff, for the Motion to Vacate Order of Court, dated May 13th, 2008, in the above-entitled and numbered cause, the undersigned affiant, Dean E. Cochran, Plaintiff, Pro Se Counsel, makes this affidavit and on his oath states the following: That the Application, to Proceed Informa Pauperis Affidavit, applied, to the United States District Court for the Northern District of Illinois, Eastern Division, is true to my belief and knowledge, that the evidence submitted, to the court is true to my belief and knowledge, and that the Plaintiff, demands the redress that he seeks.

_____
Dean E. Cochran /Pro Se Plaintiff

Sworn before me this 16th day of May, 2008.

Notary Public: _____

My Commission expires: Dec 14 2008

"OFFICIAL SEAL"
HEINRICH ERNST
Notary Public, State of Illinois
My Commission Expires Dec. 14, 2008

5