FILED

MAY 2 2 2008 MAY 2 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Dean E. Cochran, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **D.C. Judge**: David H. Coar |
| | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | **D.C. Case No.:  08 CV 2080** |
| | ) | |
| | ) | |
| LaSalle Bank, N.A., (aka) LaSalle- | ) | |
| Bank Corporation, Bank Of America, | ) | |
| Their Affiliates, | ) | |
| | ) | |
| Defendants', | ) | |
| | ) | SS. No.:  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 |
| | ) | |

## Motion To Disqualify Judge

### F.R.C.P. 63

1.    Plaintiff, Dean E. Cochran, by himself, acting as his Counsel, Pro Se, moves the court, pursuant to 28

U.S.C.A. Sec. 144 and Sec. 455, for an order disqualifying the Honorable United States District Court

Judge for the Northern District of Illinois, from hearing the above-entitled cause, on the ground that his

personal prejudice and bias against the Plaintiff, precludes Plaintiff, from obtaining a fair and impartial

trial.

2.    This Motion is based on the annexed affidavit of Plaintiff, the files and records in this case, and any

evidence that may be produced at the hearing.

5/22/2008                                              Respectfully  Submitted,

1

Dean E. Cochran/ Pro Se Plaintiff

C/O Bank Manager
LaSalle Bank, N.A.
LaSalle Bank Corporation
Bank Of America
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois 60617
(773) 933-7900
(Fax) (773) 768-4011

9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302 (Or)


1039 West Lawrence Avenue, Rm. 615
Chicago, Illinois 60640
(773) 561-1133

---

# United States District Court
## For The Northern District of Illinois
## Eastern Division

## Affidavit

**State Of Illinois:**

**City Of Chicago:**

**County Of Cook:**

I, Dean E. Cochran, being duly sworn, deposes and says:

1.    Affiant is the Plaintiff in the above-entitled case.

2.    The Honorable David H. Coar, United States District Judge for the Northern District of Illinois, before whom this mater is pending, Plaintiff, Dean E. Cochran, do hereby request disqualification of the Honorable David H. Coar, for matters of bias and prejudice, and or conflict of interest, of Plaintiff's case, now presented before the District Court of Illinois.

3.    The facts showing such, that the District Court Judge, has on one instance in particular, and on two Orders of Court thereafter, that do not, justify a fair and partial ruling, based on the merits of Plaintiff's Motions, now filed with the Court. The Judge, has 'Denied', all Complaints, Injunctions, Temporary Restraining Orders, and any and all Motions, filed by the Plaintiff. The Defendant, has not Responded to

2

the allegations of Plaintiff's Complaint, nor has the Defendant, opposed the Motions by Plaintiff. The

Plaintiff, has no other alternative, other than to request a Disqualification of Judge, due to violations of the

particular statutes stated above, as required under the provisions of [28 U.S.C.A. Sec. 455 and 28 U.S.C.A.

Sec. 144], and that another judge be assigned to hear this case. As the Plaintiff, has reason to believe that

the Judge has Financial Interest in Matter of Controversy, or other personal reasons for denial of Plaintiff's

case. *See State ex rel. Bellon Vs. District Court of Fourth Judicial Dist. In and for Lake County. 1962,*

*373 P.2d 314, 140 Mont. 447.* A judge who knows that he or she has a financial interest in the subject

matter in controversy, or is a party to the proceeding, must be disqualified. This disqualification applies

regardless of whether the interest is held by the judge individually or a fiduciary. It also applies if the

interest is held by the Judge's spouse or minor child residing in the judge's household. "Financial Interest",

means the ownership of any legal or equitable interest. Recusal is required regardless of the

insubstantiality of the financial interest, **"Per Se Disqualification".** 28 U.S.C.A. Sec. 455 (d) (4).

*Liljeberg Vs. Health Services Acquisition Corp., 486 U.S. 847, 859-860 n.8, 108 S. Ct. 2194, 100 L. Ed.*

*2d 855 (1988)* (judge who was trustee of university should have disqualified self in action seeking

*declaration of ownership of corporation in which university had interest). 7th Circuit – Union Carbide*

*Corp. Vs. United States Cutting Service, Inc., 782 F.2s 710, 714-715 (7th Cir. 1986) (purpose of Sec. 455*

*(b) is to establish absolute bar against judge knowingly presiding over case in which judge has financial*

*interest) [Due Process Implications], Disqualification based on financial interest is dictated by the*

*requirements of due process. 28 U.S.C.A. Sec. 455 (b) (4); See 28 U.S.C.A. Sec. 455 (d)(4); See Also Aetna*

*Life Ins. Co. Vs. LaVoie, 475 U.S. 813, 821-823, 106 S. Ct. 1580, 89 L. ed. 2d 823 (1986) (general hostility*

*and frustration towards party requires recusal under due process clause only in most extreme cases); Ward*

*Vs. Village of Monroeville, 409 U.S. 57, 60-62, 93 S. Ct. 80, 84, 34 L. Ed. 2d 267 (1972) ("petitioner is*

*entitled to a neutral and detached judge [at trial]"; reasonable formulation of bias issue is whether*

3

*situation is one that would offer possible temptation to average judge); In Re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955) (no judge may try own case or case in which judge has interest in outcome); Tumey Vs. Ohio, 273 U.S. 510, 523, 47 S. Ct. 537, 71 L. Ed. 749 (1927) (violation of due process to subject person's liberty or property to judgment of judge that has direct, personal, substantial, pecuniary interest in resolving case). In Aetna Life Ins. Co. Vs. LaVoie,* the Supreme Court examined what factors might constitute an interest in the outcome of the case that would bear on recusal under constitutionally dictated due process rather than statutory grounds. For constitutional purposes, the disqualifying interest must be direct, personal, substantial, and pecuniary. Noting that case law does not precisely define what degree or kind of interest is sufficient to disqualify a judge on constitutional grounds, the court identified the following factors in determining that the judge was constitutionally barred from hearing the case.;

1.    The law regarding bad-faith refusal to pay insurance claims was unsettled, as close case indicated.

2.    Justice settled own pending case for "tidy sum" soon after case was announced, which established the substantiality of judge's interest.

**Wherefore,** affiant respectfully requests that the Honorable David H. Coar. Disqualify himself as required under the provisions of [28 U.S.C.A. Sec. 455 and 28 U.S.C.A. Sec. 144], and that another judge be assigned to hear this case.

Respectfully Submitted,

(name of bank Man)
LaSalle Bank, N.A.
LaSalle Bank Corporation
Bank Of America
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois  60617
(773) 933-7900

Dean E. Cochran / Pro Se Counsel
1039 W. Lawrence Avenue
Chicago, Illinois  60640
(773) 561-1133  (Or)

4

(Fax) (773) 768-4011

## CERTIFICATE OF SERVICE

　　　**SERVICE OF THE FOREGOING, Motion To Disqualify Judge,** was had by mailing a true copy

thereof, and by delivering a copy to the Clerk of Court of the United District Court, Michael W. Dobbins,

located at the  Everett McKinley Dirksen, United States Courthouse, 219 South Dearborn Street, 20th Floor,

Chicago, Illinois  60604, and to the address of the Defendants', located at the LaSalle Bank, N.A., (aka)

LaSalle Bank Corporation, in Affiliation with the Bank Of America, Stony Island Branch Location, 1651 E.

95th Street, Chicago, Illinois  60617, by First Class U.S. Mail, Postage Pre-Paid, all on this 22nd day of

May, 2008, by Plaintiff, Dean E. Cochran.


5/22/2008
(name of Bank Man.)
LaSalle Bank, N.A.
LaSalle Bank Corporation
Bank Of America
Stony Island Branch
1651 E. 95th Street
Chicago, Illinois  60617
(773) 933-7900
(Fax) (773) 768-4011

Dean E. Cochran / Pro Se Plaintiff
1039 W. Lawrence Avenue
Chicago, Illinois  60640
(773) 561-1133  **(Or)**


9335 South Merrill Avenue
Chicago, Illinois  60617
(773) 731-9302